IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY MORALES,

    Petitioner,

v.                                                                                                    No. 22-cv-0762 MV-LF

HECTOR BALDERAS,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Anthony Morales' 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) (Petition). Morales is incarcerated and proceeding *pro se*. He challenges his state convictions based on, inter alia, due process violations and ineffective assistance by counsel. Having reviewed the matter under Habeas Corpus Rule 4, the Court will require Morales to show cause why his Petition should not be dismissed as untimely and for failure to exhaust state remedies.

**I. Procedural Background**[1]

In 2017, Morales signed a Consolidated Plea and Disposition Agreement in four state criminal cases, Case Nos. D-1226-CR-2015-170; D-1226-CR-2015-172; D-1226-CR-2015-176; and D-1226-CR-2014-186 (hereinafter, the Consolidated Cases). He pled no contest to two counts of conspiracy to commit drug trafficking; three counts of receiving stolen property; one count of child abuse not resulting in great bodily harm; and one count of trafficking a controlled substance.

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Morales' state court criminal dockets, Case Nos. D-1226-CR-2015-170; D-1226-CR-2015-172; D-1226-CR-2015-176; and D-1226-CR-2014-186. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

*See* Plea Agreement in Consolidated Cases. The state court sentenced Morales to 24 years imprisonment. *See* Judgment, Sentence, and Commitment to the Department of Corrections in Consolidated Cases. The Judgment was entered September 1, 2017. *Id.*; *see also* Doc. 1 at 1. Morales did not file a direct appeal. *See* Docket Sheet in Consolidated Cases; Doc. 1 at 2. His conviction therefore became final no later than October 3, 2017, after expiration of the 30-day state appeal period. *See Locke v. Saffle,* 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of § 2254, a conviction becomes final after time for seeking direct review expires); N.M. R. App. P. 12-201(A)(1)(b) (direct appeal must be filed within 30 days after entry of the challenged judgment or order); N.M. R. App. P. 1-006(A)(1)(c) (when a 30-day appeal period falls on a weekend, the period expires on the next business day).

Morales filed a state Motion for Modification of Sentence later that year, on November 29, 2017. *See* Motion in Consolidated Cases. The state court denied the motion on February 19, 2018, and Morales did not appeal. *See* Order Denying Motion for Modification of Sentence, Docket Sheet in Consolidated Cases. The state docket reflects there was no additional activity in any of the Consolidated Cases.

Morales filed the instant § 2254 Petition on October 11, 2022. *See* Doc. 1. Construed liberally, the Petition alleges there was insufficient evidence to support the convictions; officers performed an illegal search; and counsel was ineffective. *Id.* at 5, 7, 8. Morales filed a Motion to Proceed *In Forma Pauperis* along with the Petition, which reflects he has limited income and less than $15.00 in his inmate account. *See* Doc. 2, supplemented by Docs. 4, 5. Accordingly, the Court will grant that Motion, as supplemented, and review the Petition pursuant to Habeas Corpus Rule 4.

## II. Initial Review of the Petition

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief … , the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the respondent to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition" and whether the claims are exhausted. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing authority that "AEDPA's time bar and other affirmative defenses … such as exhaustion of state remedies … may be raised by a court *sua sponte*"). "[H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *Mitchell*, 518 F.3d at 746.

Section 2254 petitions must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)     While a state post-conviction petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, §

3

2244(d)(1)(D).

Equitable tolling may available "when an inmate diligently pursues his [or her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

"A habeas petitioner is [also] generally required to exhaust state remedies" before obtaining relief "under § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant."  *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

As to timeliness, the one-year limitation period began to run no later than October 3, 2017, after Morales declined to file a direct appeal.  Fifty-seven (57) days passed before Morales filed a state post-conviction motion on November 29, 2017.  The Court assumes such motion to reduce sentence stopped the clock pursuant to § 2244(d)(2).  That proceeding remained pending through March 21, 2018, when the 30-day appeal period expired in connection with the state trial order denying post-conviction relief.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (a state habeas proceeding remains pending, for tolling purposes, "through the state statutory time to appeal"); N.M. R. App. P. 12-501 (a writ of certiorari must be filed within 30 days after the state trial court's denial of a habeas petition).  "The next day [March 22, 2018] statutory tolling ceased,"

and the remaining "time for filing a federal habeas petition [308 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations). The state docket reflects Morales did not file a tolling motion during the next 308 days. *See* Docket Sheet in Consolidated Cases. It therefore appears that the one-year limitation period expired no later than January 24, 2019, and the 2254 Petition filed in 2022 is time-barred.

It also appears Morales did not exhaust state remedies before proceeding to Federal Court. The state docket sheet confirms Morales did not file a direct appeal in any of the Consolidated Cases following entry of the criminal Judgment, nor did he appeal the state trial order denying post-conviction relief. *See* Docket Sheet in Consolidated Cases.

For these reasons, Morales must show cause in writing within thirty (30) days of entry of the Order why the Petition should not be summarily dismissed. The failure to timely respond and overcome both the time-bar and the failure to exhaust state remedies will result in dismissal of the habeas action without further notice.

**IT IS ORDERED** that Morales' Motion to Proceed *In Forma Pauperis* (**Doc. 2**, supplemented by **Docs. 4, 5**) is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Morales must file a response showing cause, if any, why his Petition should not be dismissed as untimely and based on the failure to exhaust state remedies.

_____
Laura Fashing
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (57) from the total number of days in a one-year period (*i.e.,* 365 days in a year - 57 days = 308 remaining days).