IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY MORALES,

    Petitioner,

v.   No. 22-cv-0762 MV-LF

HECTOR BALDERAS, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Anthony Morales's 28 U.S.C. § 2254 Habeas Petition (Doc. 1) (Petition). Petitioner challenges his state convictions based on, inter alia, due process violations and ineffective assistance by counsel. The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed as untimely. Petitioner did not respond, and the Court will dismiss the Petition.

## BACKGROUND[1]

In 2017, Petitioner signed a Consolidated Plea and Disposition Agreement in four state criminal cases, Case Nos. D-1226-CR-2015-170; D-1226-CR-2015-172; D-1226-CR-2015-176; and D-1226-CR-2014-186 (hereinafter, the Consolidated Cases). He pled no contest to two counts of conspiracy to commit drug trafficking, three counts of receiving stolen property, one count of child abuse, and one count of trafficking a controlled substance. *See* Plea Agreement in Consolidated Cases. By a judgment entered September 1, 2017, the state court sentenced Petitioner

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case Nos. D-1226-CR-2015-170; D-1226-CR-2015-172; D-1226-CR-2015-176; and D-1226-CR-2014-186. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing that a court may take judicial notice of docket information from another court).

to 24 years of imprisonment. *See* Judgment in Consolidated Cases; Doc. 1 at 1. Petitioner did not file a direct appeal. *See* Docket Sheet in Consolidated Cases; Doc. 1 at 2. His conviction therefore became final no later than October 3, 2017, after expiration of the 30-day state appeal period. *See Locke v. Saffle,* 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of § 2254, a conviction becomes final after time for seeking direct review expires); N.M. R. App. P. 12-201(A)(1)(b) (direct appeal must be filed within 30 days after entry of the challenged judgment or order); N.M. R. App. P. 1-006(A)(1)(c) (when a 30-day appeal period falls on a weekend, the period expires on the next business day).

Petitioner filed a state Motion for Modification of Sentence later that year, on November 29, 2017. *See* Motion in Consolidated Cases. The state court denied the motion on February 19, 2018, and Petitioner did not appeal. *See* Order Denying Motion for Modification of Sentence in Consolidated Cases. The state docket reflects there was no additional activity in any of the Consolidated Cases.

Petitioner filed the instant § 2254 Petition on October 11, 2022. *See* Doc. 1. Construed liberally, the Petition alleges that there was insufficient evidence to support the convictions, that officers performed an illegal search, and that counsel was ineffective. *Id.* at 5, 7, 8. By a ruling entered on April 28, 2023, the Court screened the Petition and determined that it was plainly time-barred.[2] *See* Doc. 7; *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."). Petitioner was permitted to file a response showing cause, if any, why the Petition

---

[2] The ruling also notes that Petitioner failed to exhaust state court remedies, which can be cured. Because the time-bar is dispositive, the Court will focus on that issue.

should not be dismissed. The deadline to file a response was May 28, 2023, and Petitioner did not comply or submit further filings. The Court will therefore analyze the time-bar without regard to tolling.

## DISCUSSION

Section 2254 petitions must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)     While a state post-conviction petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may available "when an inmate diligently pursues his [or her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than October 3, 2017, after expiration of the direct-appeal period. Fifty-seven (57) days passed before Petitioner filed a state post-conviction motion on November 29, 2017, which stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending through March 21, 2018, when the 30-day appeal period expired

in connection with the state trial order denying post-conviction relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (a state habeas proceeding remains pending, for tolling purposes, "through the state statutory time to appeal"); N.M. R. App. P. 12-501 (a writ of certiorari must be filed within 30 days after the state trial court's denial of a habeas petition). "The next day [March 22, 2018] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [308 days]³ resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing tolling calculations). The state docket reflects that Petitioner did not file a tolling motion during the next 308 days. *See* Docket Sheet in Consolidated Cases. The one-year limitation period therefore expired no later than January 24, 2019, several years before Petitioner filed this § 2254 proceeding.

In its prior Order, the Court set out the state court timeline, along with the legal standards for statutory and equitable tolling. Because Petitioner failed to respond by the May 28, 2023 deadline, and because the time-bar is clear from the record, the Court must dismiss the Petition. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where "reasonable jurists would find the district court's assessment … debatable or wrong").

---

³ The Court arrived at this figure by subtracting the number of days that initially elapsed (57) from the total number of days in a one-year period (*i.e.,* 365 days in a year - 57 days = 308 remaining days).

**IT IS ORDERED** that Petitioner Anthony Morales's 28 U.S.C. § 2254 Habeas Petition (**Doc. 1**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a judgment will be entered closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE